IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS DICKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 99-AR-3412-S |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, d/b/a METLIFE ) | |
| DISABILITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Defendant, Metropolitan Life Insurance Company ("Met Life") has filed the following: (1) a motion to strike plaintiff's state law claims; (2) a motion to strike plaintiff's claims for punitive and extra-contractual damages; (3) a motion to strike plaintiff's jury demand, and (4) a motion for protective order. Met Life argues that the first three motions should be granted because it is undisputed that the plan at issue was an ERISA plan, and therefore, that plaintiff, Dennis Dickson ("Dickson"), is relegated to ERISA remedies only. Dickson argues that it **is** disputed whether the plan was an ERISA plan, and asserts that he needs the opportunity to discover facts which, if properly developed, would show that the plan at issue was not an ERISA plan. For the reasons set forth below, the court will not rule on the first three of Met Life's

motions until Met Life has responded to Dickson's outstanding interrogatories and requests for production, and it will deny in part and grant in part Met Life's motion for protective order.

### Met Life's Motions to Strike

The Secretary of Labor has promulgated 29 C.F.R. § 2510.3-1(j) which removes certain type of employee benefit plans from the reach of ERISA. This regulation is known as the "safe harbor" provision. It provides that if the following are met, the group insurance plan is excluded from ERISA's coverage: (1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; and (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services rendered in connection with payroll deduction.

Met Life essentially concedes that (1), (2) and (4) are met, but argues that (3) is not met because the employer, Raytheon, "endorsed" the insurance plan at issue. However, the court finds that it is not a foregone factual conclusion at this point that

Raytheon endorsed the plan. As the relevant case law illustrates, employer endorsement is an intensely factual question. See, e.g., Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207 (11th Cir. 1999), Thompson v. American Home Assurance Co., 95 F.3d 429 (6th Cir. 1996), and Johnson v. Watts Regulator Co., 63 F.3d 1129 (1st Cir. 1995)(outlining facts which are relevant to whether the employer endorsed the plan at issue). Therefore, the court finds that Dickson is entitled to discovery on this issue, and it will not rule on the first three of Met Life's motions until Met Life has responded to Dickson's outstanding discovery requests.

### **Met Life's Motion for a Protective Order**

Met Life's motion for a protective order seeks to prevent Dickson from deposing certain persons in relation to Met Life's decision to deny benefits. Met Life argues that the court's review of whether an insurer's decision is "arbitrary and capricious" is limited to the information in the administrative record at the time the decision to deny benefits was made. The court may very well agree. However, the court does not get to the question of whether Met Life's denial of benefits was "arbitrary and capricious" unless the plan at issue is in fact an ERISA plan. Therefore, Met Life's motion for a protective order will be denied to the extent, if any,

that Dickson is seeking to take depositions designed to discover facts which would tend to show that the plan at issue is not an ERISA plan. However, to the extent that Dickson is seeking to depose certain people in order to discover facts which are relevant to Met Life's ultimate decision to deny benefits, the motion will be granted at the present time subject to its reconsideration after a decision has been made on whether this is an ERISA governed plan.

## Conclusion

A separate and appropriate order will be entered.

DONE this 31st day of May, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE